# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KERZNER INTERNATIONAL LIMITED, et al., | ) ) ) | 3:06-cv-232-ECR (RAM) |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| MONARCH CASINO & RESORT, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

Defendants have filed a Verified Memorandum of Costs pursuant to Court Order (Doc. #214). Plaintiffs filed an Objection to Defendants' Verified Memorandum of Costs (Doc. #222) and Defendants have replied (Doc. #223).

Previously, Defendants had filed a Motion to Dedesignate Kerzner's Document Production as "Confidential" or "Confidential - Attorneys' Eyes Only" and for Sanctions (Doc. #185). Attached to that Motion as Exhibits 1, 2 and 3 were charts prepared by Defendants which set forth documents Defendants claimed were improperly designated. In its award of sanctions against Plaintiffs, the court awarded the attorneys fees and costs Defendants incurred in going through the documents and preparing <u>those three charts</u>.

In their Memorandum of Costs pursuant to court order (Doc. #214) Defendants request fees for not only for the three charts referred to above, but the review and refinement of those charts and the creation of three additional charts. That review and refinement was not contemplated in the court's order awarding sanctions. In its order the court was referring to the three charts attached to Defendants' Motion (Doc. #185).

1      A review of Defendants' Verified Memorandum of Costs reveals that only the time of Sharon Armstrong (126.5 hours) and Sara Whitehead (6.5 hours) is attributable to reviewing the documents and preparing the charts referred to by the court.

       The court believes that the hours and hourly rates coupled with the Declaration of Mark G. Tratos is a reasonable itemization to support the award of sanctions. The specificity required to support a Motion for Attorney's Fees is not necessary.

       Based on the above, the court awards sanctions to Defendants and against Plaintiffs in the total sum of $20,465.25 which constitutes the costs attributable to the work of Sharon Armstrong ($19,568.75) and Sara Whitehead ($887.50).

       Plaintiffs shall pay these sanctions within thirty (30) days.

       DATED:   March 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE